UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
TRACY SYRACUSE,                                                         Docket No. 21-cv-685

                Plaintiff,                                              **PETITION FOR REMOVAL**
                                                                                **OF ACTION UNDER 28**
   -against-                                                            **U.S.C. §1446(a) DIVERSITY**

HOME DEPOT U.S.A., INC.,

                Defendant.
-------------------------------------------------------------------X

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT, WESTERN DISTRICT OF NEW YORK**:

    **PLEASE TAKE NOTICE** that Defendant, HOME DEPOT U.S.A., INC. ("Home Depot"), hereby submits this Petition for Removal, with full reservation of all defenses, from the Supreme Court of the State of New York, County of Erie, to the United States District Court, WESTERN DISTRICT of New York in accordance with 28 U.S.C. §1446 and respectfully represents as follows:

<u>**PLAINTIFF'S COMPLAINT AND NATURE OF THE ACTION**</u>

    1.    This action was commenced against HOME DEPOT U.S.A., INC., HD DEVELOPMENT OF MARYLAND, INC., and GIAN PROPERTIES, LLC. in the Supreme Court of the State of New York, County of ERIE, with the Index Number 801626/2021 and was electronically filed on February 9, 2021.

    2.    Pursuant to 28 U.S.C. §1446(a), a copy of the Summons and Complaint is attached hereto as **Exhibit "A."**

    3.    In her Complaint, Plaintiff alleges personal injury from an incident which occurred on December 11, 2019 at 4139 Transit Road, Clarence, New York, in the County of Erie, State of New York due to Defendant's negligence. **Exhibit "A."**

4. The Affidavit of Service indicates that Home Depot was served through the Secretary of State on February 22, 2021. **Exhibit "B."**

5. On March 24, 2021, Home Depot filed its Answer to Plaintiff's Complaint. **Exhibit "C."**

6. On March 24, 2021, Home Depot served a Demand for a Supplemental Statement of Damages on Plaintiff. **Exhibit "D."**

7. On May 14, 2021, a Stipulation of Partial Discontinuance was filed dismissing then co-defendants HD DEVELOPMENT OF MARYLAND, INC. and GIAN PROPERTIES, LLC. **Exhibit "E."**

## DIVERSITY JURISDICTION IS PROPER

8. No further proceedings have been had in the Supreme Court of the State of New York, County of Erie, as of the date of the filing of this Petition for Removal.

9. This Court has original jurisdiction over this civil action pursuant to 28 U.S.C. §1332. The Complaint alleges a matter in controversy, which, if liability is established, is reasonably probable to exceed the sum or value of $75,000, exclusive of interest and costs and complete diversity of citizenship exists between Plaintiff and Defendant, HOME DEPOT U.S.A., INC.

## DIVERSITY EXISTS

10. This firm represents Defendant, HOME DEPOT U.S.A., INC., in this action. No other defendants remain, which would destroy diversity.

11. At the time that this action was filed, HOME DEPOT U.S.A, INC., was and still is a corporation organized and existing under the laws of the State of Delaware and having the principal place of business at 2455 Paces Ferry Road SW, Atlanta, Georgia.

12. Pursuant to 28 U.S.C. section 1332(c), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." For the purposes of federal diversity jurisdiction, based upon the above, Defendant is not a citizen of the State of New York.

13. The Plaintiff, in the Complaint, alleges to be a citizen of the State of New York with a residence in the County of Erie. **Exhibit "A."**

14. Therefore, this action may be removed to this Court pursuant to 28 U.S.C. §1441.

## THE AMOUNT IN CONTROVERSY REQUIREMENT IS SATISFIED

15. It is reasonably probable that Plaintiff seeks recovery for an amount in excess of $75,000.00, exclusive of interest and costs. Plaintiff's Complaint cannot state the amount of damages Plaintiff deems himself entitled to (CPLR 3107(c)). However, Plaintiff alleges in the Complaint that she has been "rendered sick, sore, lame, and disabled, and has sustained past, present, and will continue to sustain future pain and suffering, loss of enjoyment of life and medical expenses; all to the Plaintiff's damage in a sum which exceeds the jurisdictional limits of all lower Courts that may otherwise have jurisdiction over the subject of this matter." (See **Exhibit "A,"** ¶12).

16. By cover letter dated May 3, 2021, Defendant received Plaintiff's response to the supplemental statement of damages (dated April 28, 2021) in the amount of $750,000.00. From the response, Defendant learned that Plaintiff believed the reasonable value of this matter exceeded $75,000.00. Since it was not facially apparent from the Plaintiff's Complaint whether the amount in controversy exceeded the $75,000.00 threshold, Defendant learning of the value of this action, can remove within 30 days. **Exhibit "F."** On May 11, 2021, Plaintiff's counsel provided via email a demand to Defendant that, albeit lower than $750,000, still exceeded the jurisdictional threshold.

Should the Court require the email from Plaintiff, Defendant will provide it to the Court without delay.

17. Simultaneous with the response to the demand for a supplemental statement of damages, Plaintiff also provided a Verified Bill of Particulars, dated April 28, 2021.  To maintain Plaintiff's medical privacy with this filing, Defendant briefly notes for the Court that the Bill of Particulars alleges that she underwent surgery to her knee as a result of the incident, as well as additional injuries.  In appreciation of privacy concerns, Defendant has not submitted the Verified Bill of Particulars to this petition but will do so should the Court request the pleading.

18. Home Depot submits that the (1) allegations of the Complaint together with (2) Plaintiff's Response to Home Depot's Demand for a Supplemental Statement of Damages, in which Plaintiff claims $750,000.00 in damages, and (3) the allegation of surgery and other injuries contained in the Verified Bill of Particulars, proves that the value will reasonably exceed the jurisdictional threshold.  *United Food & Commercial Workers Union, Local 919, AFL-CIO v CenterMark Properties Meriden Square, Inc.,* 30 F.3d 298, 305 (2d Cir. 1994)(quoting *Tongkook Am, Inc. v. Shipton Sportswear Co.,* 14 F.3d 781, 784 (2d Cir. 1994).

19. Home Depot reserves its rights to contest the nature and extent of liability of Plaintiff's damages.  Nevertheless, if liability is ever established, the allegation that Plaintiff sustained serous personal injuries, if proven, may convince a trier of fact to award such injured Plaintiff an amount in excess of $75,000.00.

## **REMOVAL IS TIMELY**

20. Pursuant to 28 U.S.C. §1446(b), which provides that a Notice of Removal shall be filed within thirty (30) days after receipt by defendant, by service or otherwise, of the initial pleading or of an amended pleading, motion, order or other paper from which it may first be

ascertained that the case is one which is or has become removable Based on the aforementioned facts, this Petition for Removal is timely filed.

## NOTICE

21. Pursuant to 28 U.S.C. §1446, a copy of this Notice of Removal is being filed with the Supreme Court of the State of New York, County of Erie.

## VENUE IS PROPER

22. The United States District Court for the WESTERN DISTRICT of New York includes the county in which the state court action was pending (Erie County) and thus, pursuant to 28 U.S.C. §124(b)(2), venue is proper.

## RESERVATION OF DEFENSES AND RIGHTS

23. Home Depot reserve all defenses, including, without limitation, the defense of lack of personal jurisdiction.

24. Home Depot reserves the right to amend or supplement this Petition for Removal.

25. If any question arises as to the propriety of the removal of this action, Home Depot respectfully requests the opportunity to present a brief and oral argument in support of its position that this case is removable.

**THEREFORE**, all parties to the Civil Action pending in the Supreme Court of the State of New York, County of Erie, Index No. 801626/2021 are **HEREBY NOTIFIED** pursuant to 28 U.S.C. §1446 and Local Civil Rule 81.1, as follows:

Removal of the Civil Action and all claims and causes of action therein is effected upon the filing of a copy of this Notice of Removal with the Clerk of the State Court pursuant to 28 U.S.C. §1446. The Civil Action is removed from the State Court to the United States District Court, WESTERN DISTRICT of New York. The parties to the Civil Action shall proceed no further in the State Court.

**WHEREFORE**, Defendant, HOME DEPOT U.S.A., INC., prays that this cause of action now pending in the Supreme Court of the State of New York, County of Erie, be removed to the United States District Court, WESTERN DISTRICT of New York.

Dated: New York, New York
      May 27, 2021

                    MCVEY & PARSKY, LLC

                  By: *Meagan Gabriel*
                        Michael N. Giacopelli (MG 4170)
                        Meagan Gabriel (MK 3137)
                        *Attorney for Defendant*
                        *HOME DEPOT U.S.A., INC.*
                        One Liberty Plaza
                        165 Broadway, 23rd Floor
                        New York, New York, 10006
                        973.520.4340

TO:

Law Offices of Robert Berkun, LLC
*Attorneys for the Plaintiff*
2150 Main Place Tower
350 Main Street
Buffalo, New York 14202
716-876-4080

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that she caused the ***PETITION FOR REMOVAL OF ACTION UNDER 28 U.S.C. §1446(a) DIVERSITY and RULE 7.1 DISCLOSURE*** to be served on Thursday, May 27, 2021 via CM/ECF upon the attorneys of record for all parties.

                                            MCVEY & PARSKY, LLC

**By:**    **/s/ Meagan Gabriel**

         Attorneys for Defendant
         *HOME DEPOT U.S.A., INC.*
         One Liberty Plaza
         165 Broadway, 23rd Floor
         New York, New York 10006
         973.520.4340